*Formatted for Electronic Distribution*                                                                                  *Not for Publication*



UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

_____

In re:

    EMILY BYRNE,                        Chapter 7 Case
            Debtor.                        # 06-10594

Filed & Entered
On Docket
06/15/07

_____

# ORDER

### DENYING CREDITOR HERRERA-MENDOZA'S MOTION
### FOR AN ORDER DIRECTING THE DEBTOR
### TO DISCLOSE AND FILE WITH THE COURT HER 2006 TAX RETURN

        On May 31, 2007, Creditor Andro Rey Herrera-Mendoza (the "Creditor") filed a motion pursuant to § 521 requesting that the Court order the Debtor to disclose, and file with the Court, her 2006 tax return (doc. # 76, hereinafter, the "Motion). On June 1, 2007, the Debtor filed Opposition to the motion (doc. # 77), asserting that the Court should deny the motion because (i) the Debtor filed her chapter 7 case on December 18, 2006 and this was before she would have had any right to a 2006 refund; (ii) therefore she was not required to disclose the refund or have it included in her bankruptcy estate; and (iii) even if the Court were to find that this refund was property of the bankruptcy estate, it was exempt. One week later, the Debtor filed an amended Schedule B disclosing the tax refund as a contingent asset as of the date of the bankruptcy filing, and an amended Schedule C claiming the asset as exempt. On June 14, 2007, the Debtor filed another Opposition (doc. # 87), reiterating her position that the Motion should be denied, this time pointing to the amendment of the schedules as the basis for defeating the Motion.

        The Creditor seeks relief under various provisions of 11 U.S.C. § 521 including subparagraph (f) which is most pertinent to the present circumstances. It provides:

> (f)    At the request of the court, the United States trustee, or any party in interest in a case under chapter 7, 11 or 13, a debtor who is an individual shall file with the court –
>
> > (1)    at the same time filed with the taxing authority, a copy of each Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such tax return) with respect to each tax year of the debtor ending while the case is pending under such chapter;

There is no question that the Debtor's 2006 tax return is a return that relates to a tax year that ended while the Debtor's chapter 7 case was pending, nor that the Creditor has requested the tax return. The Court also finds that the Creditor has complied with this Court's Standing Order # 05-08, paragraph 6, which requires that a party in interest seeking such post-petition tax returns must make the request by filing a motion. However, the Creditor has not complied with the requirement, set forth in paragraph 8 of

Standing Order # 05-08, that in order for a party to obtain access to a debtor's tax information his or her motion must include:

(a) a description of the movant's status in the case to allow the Court to ascertain whether the movant is entitled to access the requested tax information;

(b) a description of the specific tax information sought;

(c) a statement indicating that the information cannot be obtained by the movant from any other source; and

(d) a statement demonstrating a need for the tax information.

This procedure is consistent with national policy promulgated at the time the current § 521 went into effect.[i] The purpose of this requirement that a party seeking access to tax information must file a motion is to protect private information from improper exposure and to protect debtors from creditor harassment.

The Motion sets forth the statutory basis for the Creditor's request but offers no facts or argument to demonstrate what information in particular the Creditor seeks, that the Creditor cannot obtain that information from another source, the need for the information or how turnover of this information to the Creditor would further the administration of the bankruptcy estate. There is a long history between the Creditor and the Debtor that has recently turned quite adversarial. (The record reflects that they have a child together, the Debtor has obtained a restraining order to prohibit the Creditor from contacting her, and there are multiple lawsuits pending between them in Connecticut courts). Moreover, the many motions the Creditor has filed to date in this case appear to be motivated by the Creditor's desire to compel the Debtor appear in court for many more hearings than are typically required in a no asset chapter 7 case and to date have demonstrated no basis for any substantive relief. The conduct of the Creditor to date in this case is probative because although § 521 provides creditors with the opportunity to obtain tax information such as the Creditor seeks herein, the statute also mandated the safeguarding of that confidential information, leaving it to the courts to determine when the creditor's need for the information outweighed the debtor's right to keep that information confidential. The guidance issued by the Director of the Administrative Office, as echoed in the local Standing Order, articulates procedural and substantive criteria to keep that balance intact and the Creditor has failed to comply with or satisfy those criteria.

The Court also takes into account the fact that there is nothing in the record to indicate that the contents of the 2006 return would assist in the administration of the bankruptcy estate, or to evidence support from the case trustee – who would be most intimately familiar with the estate's interest in the refund – for the Creditor's request.

For all of these reasons, IT IS HEREBY ORDERED that the Creditor's "Motion under § 521 for Disclosure of the Debtor's 2006 Federal Tax Return and Amendments" is DENIED. That portion of the Motion that seeks an Order directing that the Debtor amend her schedules to disclose the refund associ-

ated with this tax return is denied as moot in light of the Debtor's recent amendment to Schedules B & C; the portion of the Motion that seeks a copy of the Debtor's 2006 return is denied because it fails to set forth the information required by Standing Order #05-08, and in particular, fails to demonstrate that the Creditor has a legitimate need for the Debtor's 2006 tax return that outweighs the Debtor's right to keep that information confidential.

      IT IS FURTHER ORDERED that the June 19, 2007 hearing on the Motion is CANCELLED.

      SO ORDERED.

June 15, 2007  
Rutland, Vermont

                                              Colleen A. Brown  
                                              United States Bankruptcy Judge

---

[i] Section 315(c) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") mandated that the Director of the Administrative Office establish procedures for safeguarding the confidentiality of tax information required to be provided under 11 U.S.C § 521. On September 20, 2005 the Judicial Conference approved interim guidance drafted to implement this statutory directive, effective October 17, 2005, the effective date of BAPCPA. That guidance provides:
. . .

    **III.    Procedure for requesting and obtaining access to tax information filed with the bankruptcy court under 11 U.S.C. § 521(f).**

To gain access to a debtor's tax information under 11 U.S.C. § 521(f), the United States trustee (or a bankruptcy administrator, if any), trustee, or party in interest, including a creditor, must follow the procedures set forth below.

A written request that a debtor file copies of tax returns with the court pursuant to 11 U.S.C. § 521(f) shall be filed with the court and served on the debtor and debtor's counsel, if any.

In order to obtain access to debtor's tax information that is filed with the bankruptcy court, the movant must file a motion with the court, which should include:
- a description of the movant's status in the case, to allow the court to ascertain whether the movant may    properly be given access to the requested tax information;
- a description of the specific tax information sought;
- a statement indicating that the information cannot be obtained by the movant from any other sources; and
- a statement showing a demonstrated need for the tax information.

An order granting a motion for access to tax information should include language advising the movant that the tax information obtained is confidential and should condition dissemination of the tax information as appropriate under the circumstances of the particular case. At the discretion of the court, the order may state that sanctions may be imposed for improper use, disclosure, or dissemination of the tax information.